IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) | |
| )  | |
| Plaintiff,           ) | |
| )  | |
| v.           ) | Civil Number: 1:09CV56 |
| )  | |
| $44,622.01 SEIZED FROM NORTHWEST FEDERAL           ) | |
| CREDIT UNION ACCOUNT ENDING IN 5865, IN THE   ) | |
| NAME OF MATTHEW K. BOROWSKI AT NORTH-           ) | |
| WEST FEDERAL CREDIT UNION, HERNDON,           ) | |
| VIRGINIA,           ) | |
| )  | |
| Defendant.           ) | |

PLAINTIFF'S OPPOSITION TO MOTION FOR STAY

    Plaintiff United States of America opposes claimant's motion for a stay.  The motion for a stay is, in essence, a motion for reconsideration of this Court's decision of May 21, 2010.  As we represented to the Court on that day, the criminal investigation into the claimant's conduct was closed without action.  In light of the absence of an ongoing criminal investigation, there is no justification for a stay.  Nothing has changed since the hearing before this Court on May 21st, when the Court lifted the stay.

Procedural Background

    The complaint in this matter was filed in January 2009, and answered by claimant Borowski in March 2009.   In his answer, Borowski asserted, *inter alia*, that he was an innocent owner of the seized property, and that the undue delay between the alleged offense and the filing of the forfeiture action violated the Due Process Clause of the United States Constitution.

In May 2009, Borowski moved to stay the proceedings on the grounds that he was the subject of an ongoing criminal investigation. At that time, the United States did not oppose the motion, and stated that it anticipated being able to complete its criminal investigation within 18 months. Accordingly, on May 12, 2009, this Court stayed the proceedings and scheduled a status hearing for May 21, 2010, to determine whether any further stay was warranted.

At the hearing on May 21, 2010, undersigned counsel notified the Court that the criminal investigation into the claimant's conduct had been closed without any charges being brought. No grand jury is looking into the actions of the claimant that led to the seizure of the defendant money. While we noted that closed criminal investigations may be reopened when new evidence comes to light, this is now a civil matter involving the government's attempt to forfeit money seized for involvement in money structuring.

After hearing the positions of the parties, this Court lifted the stay in recognition of the fact that the criminal investigation has been closed. In doing so, however, it properly recognized that closed criminal investigations can be reopened upon the discovery of new evidence. Accordingly, this Court issued a pretrial scheduling order on May 24, 2010, providing for all discovery to be completed by August 13, 2010.

On June 16, 2010, Borowski again moved to stay the proceedings.

Argument

The instant motion should be rejected because the Court got it right the first time. The criminal investigation is still closed. There still is no grand jury investigating Borowski. The possibility still remains that the criminal investigation could be reopened if new evidence comes to light. As a result, nothing has changed since this Court lifted the stay on May 21, 2010. A

motion to reconsider is not an appropriate vehicle simply to rehash arguments that have already been rejected. *Hutchinson v. Staton*, 994 F.3d 1076, 1081-82 (4th Cir. 1993)

Borowski argues that a criminal investigation must be ongoing because the United States asked him to speak with a criminal investigator in lieu of submitting to a deposition if he wanted to reach an expeditious settlement of the civil forfeiture case. In making this argument, Borowski fails to recognize that the government uses case agents even in civil forfeiture actions, and that such case agents typically are otherwise employed as criminal investigators. Borowski need not speak with the detective, but the fact that the detective is assisting government counsel is neither surprising nor indicative of the existence of an open criminal investigation.

The criminal investigation into Borowski's conduct was closed without action because the government determined that it lacked sufficient evidence to convict him beyond a reasonable doubt of structuring cash financial transactions to evade bank reporting requirements. In his answer to the complaint, Borowski not only complained of the delay in filing the forfeiture action, but also asserted that he was an innocent owner of the seized funds. In view of his answer and the closure of the criminal investigation, his claim that he might incriminate himself by participating in discovery is too speculative to entitle him to stay the forfeiture proceedings against the seized money. Accordingly, his motion should be denied.

        Respectfully submitted,

        /s/
        Gordon D. Kromberg
        Assistant United States Attorney
        Office of the United States Attorney
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        Phone: (703) 299-3700
        Fax: (703) 299-3981
        gordon.kromberg@usdoj.gov

CERTIFICATE OF SERVICE

I certify that on June 23, 2010, I filed a true and correct copy of the foregoing Plaintiff's Opposition to Motion for Stay with the Clerk of Court using the CM/ECF system, and emailed a copy to the following:

> Matthew K. Borowski
> 6183 Hidden Canyon Road
> Centreville, VA 20120
> mkb@yahoo.com

By:      /s/
Gordon D. Kromberg
Attorney for the United States
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone:  703.299.3721
Fax:   703.299.3981
Email:  gordon.kromberg@usdoj.gov