IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | No. 1:09cv56 |
| $44,622.01 SEIZED FROM NORTHWEST<br>FEDERAL CREDIT UNION ACCOUNT<br>ENDING IN 5865 IN THE NAME OF<br>MATTHEW K. BOROWSKI AT<br>NORTHWEST FEDERAL CREDIT<br>UNION, HERNDON, VIRGINIA,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

**ORDER**

This civil forfeiture matter came before the Court on motion by Matthew K. Borowski—the claimant in this case—for a stay pursuant to 18 U.S.C. § 981(g)(2). The Government appeared by counsel, and Borowski appeared without counsel, at a hearing on June 25, 2010.[1] Previously, a stay had issued on May 12, 2009, on the ground that Borowski was the subject of a related criminal investigation.[2] This stay was lifted on May 21, 2010, on the Government's representation at a hearing of even date that the criminal investigation had been closed.[3] In the course of the June 25, 2010 hearing, the Government represented once again that the criminal investigation of Borowski remained closed.

---

[1] It is worth noting that Borowski was advised to retain counsel at both the May 21 and June 25, 2010 hearings.

[2] *See $44,622.01 Seized from Nw. Fed. Credit Union Account Ending in 5865 in the Name of Matthew K. Borowski at Nw. Fed. Credit Union, Herndon, Va.*, 1:09cv56 (E.D. Va. May 12, 2009) (Order).

[3] *See $44,622.01 Seized from Nw. Fed. Credit Union Account Ending in 5865 in the Name of Matthew K. Borowski at Nw. Fed. Credit Union, Herndon, Va.*, 1:09cv56 (E.D. Va. May 21, 2010) (Order).

Under 18 U.S.C. § 981(g)(2), a claimant in a civil forfeiture proceeding may request a stay if the court determines that

(A) the claimant is the subject of a related criminal investigation or case;

(B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and

(C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

18 U.S.C. § 981(g)(2). Additionally, the statute defines the terms "related criminal case" and "related criminal investigation" to mean "an actual prosecution or investigation in progress at the time at which the request for the stay . . . is made." *Id.* § 981(g)(4). In this case, it is clear that Borowski is not the subject of a related criminal investigation or case. Accordingly, Borowski's motion must be denied.

Accordingly, for the reasons stated from the Bench, and for good cause,

It is hereby **ORDERED** that Borowski's motion for a stay (Doc. 22) is **DENIED.**

The Clerk is directed to send a copy of this Order to all counsel of record and to the *pro se* claimant.

Alexandria, Virginia
June 25, 2010

T. S. Ellis, III
United States District Judge

-2-